# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: Grand Jury Subpoena [REDACTED] | Case No. 2:18-mj-00088-NJK<br>**ORDER** |

Pending before the Court is the Government's application for issuance of an order that a recipient of a grand jury subpoena not disclose the existence of that subpoena.[1]

Documents related to grand jury proceedings, including warrant materials, have traditionally been shielded from public access for important policy reasons. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure also enumerates persons to whom grand jury secrecy attaches. Fed. R. Crim. P. 6(e)(2)(B). Grand jury witnesses are not enumerated therein and, therefore, presumptively are not bound to secrecy. *See* Fed. R. Civ. P. 6(e)(2)(A). The Government may overcome that presumption and obtain an order prohibiting disclosure by a grand jury witness based on the circumstances specific to a case. *In re Grand Jury Proceedings*, 17 F. Supp. 3d 1033, 1035-36 (S.D. Cal. 2013) (discussing *In re Grand Jury Proceedings*,

---

[1] This order is not being issued under seal, as it does not reveal specific details about the grand jury proceedings. The Government's application, however, shall be maintained by the Clerk's Office under seal.

417 F.3d 18 (1st Cir. 2005), *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d 1559 (11th Cir. 1989), and *In re Grand Jury Subpoena Duces Tecum*, 797 F.2d 676 (8th Cir. 1986)). More specifically, the Government may rebut the presumption that a grand jury witness is not bound to secrecy by "show[ing] with particularity that the need for secrecy outweighs the countervailing policy in Fed. R. Civ. P. 6(e)(2)(A)." *Id.* at 1036 (adopting Eighth Circuit standard).[2]

There are a few important considerations in applying these standards. First, non-disclosure orders will not issue as a matter of course and boilerplate recitations of need will not suffice. Instead, courts insist on a "particularized" showing of the need for a non-disclosure order based on the circumstances of each case. Second, courts must analyze the reasonableness of the scope of the non-disclosure order requested, including the durational limit of the order. *See id.* at 1036. Courts are especially disinclined to issue non-disclosure orders that a grand jury witness remain silent for a lengthy or indefinite period. *See id.* (finding 90-day duration reasonable); *see also Matter of Search Warrant for [redacted].com*, 248 F. Supp. 3d at 982 (rejecting application for non-disclosure order for an indefinite period); *Matter of Grand Jury Subpoena*, 79 F. Supp. 3d 1091, 1093-95 (N.D. Cal. 2015) (same).

The application as currently submitted fails to establish sufficient grounds for a non-disclosure order. First, a particularized showing of need has not been made and, instead, the application rests on boilerplate assertions that could be made with respect to essentially any grand jury proceeding. *See* App. at 2 (stating that there is "reason to believe" disclosure may hinder the criminal investigation and prosecution, without any particularized discussion). Second, the Government seeks an order lasting "until further order of the Court or until twelve months from the date of the order, whichever occurs first," *id.* at 1, without any showing that such an extensive period is appropriate based on the facts of this case.

---

[2] The countervailing policy is grounded in the First Amendment rights of the subpoena recipient, as "[c]ourts considering the issue have almost uniformly found that Section 2705(b) NPOs, or NPOs issued under analogous statutes, are prior restraints and/or content-based restrictions." *Matter of Search Warrant for [redacted].com*, 248 F. Supp. 3d 970, 980 (C.D. Cal. 2017) (collecting cases). Some judges have reviewed the issue addressed herein through the lens of First Amendment doctrines and standards*,* but at bottom the analysis remains essentially the same: whether the Government has presented a particularized need for secrecy that outweighs the free speech rights of the subpoenaed party. *See id.* at 982 (requiring the "Government to prove the restriction furthers a compelling interest and is narrowly tailored to achieve that interest [as a means] to ensure that speech is restricted no further than necessary").

Accordingly, the application is **DECLINED** in its current form, without prejudice to the Government submitting a renewed application addressing the standards and concerns outlined above.

IT IS SO ORDERED.

Dated: January 25, 2018

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

cc: AUSA Chad McHenry